Bragg and Others *v.* The State, on the Relation of Davis and Another.

Sheriff.—*Different Executions Against the Same Person.*—Of two executions in the hands of a sheriff in favor of different judgment plaintiffs against the same judgment defendant, it is the officer's duty, if not otherwise directed, to first levy the one first placed in his hands; and if he has failed to do his duty, by levying and collecting the later execution and paying over the money, leaving the former one unsatisfied, it is no defense to a suit against him and the sureties on his official bond for his failure to levy and collect the other execution, that the execution defendant had at the time the same was issued and still has sufficient property to satisfy it.

Practice.—*Failure to Reply.*—The failure to reply to an answer which states no facts constituting a defense is not a cause for the reversal of a judgment.

APPEAL from the Hamilton Circuit Court.

Ray, C. J.—Suit by appellee against Bragg, sheriff, and the sureties on his official bond, for failure to levy and collect an execution placed in his hands. The second paragraph of the complaint charges that a judgment was rendered in favor of the relators on the first day of the term of court; and on the same day judgment was also rendered in favor of the Indianapolis National Bank. The relators caused execution to issue on the judgment in their favor, on the 2d day of November, 1866; and execution was taken out on the judgment in favor of the bank, on the 21st day

of the same month. The sheriff levied and collected the execution sued out by the bank and paid over the money, leaving the execution in favor of the relators unsatisfied.

A demurrer to the complaint was overruled, but we have been furnished with no brief by appellants on this point, and we discover no error in the ruling.

An answer was filed in several paragraphs. The first was a denial. The second paragraph alleged, that the execution defendant had property, both real and personal, to satisfy the execution in favor of the relators. The third paragraph avered, that after taking out execution, the plaintiffs in the judgment instructed the sheriff not to levy. The fourth was *nul tiel record*. A demurrer was sustained to the second paragraph.

Subsequently a paragraph of an answer was filed to the first paragraph of the complaint, which alleged that the defendant in the execution had, at the time the same was issued, and still has, sufficient property to satisfy the execution. A motion was filed to strike out this paragraph, which was overruled. No reply was filed to this paragraph. This is assigned as error.

The facts stated constituted no defense. The duty of the officer was to levy the execution first placed in his hands; and it is no defense to answer that if he had done his duty the plaintiff in the execution would have received his money, and that if the plaintiff will issue a new execution, and can induce the sheriff to discharge his duty, the debt may still be collected. It is no defense for the sheriff to say, that the plaintiff in the execution has not received his money, simply because that officer has neglected or refused to discharge his duty. *Ledyard* v. *Jones*, 3 Seld. 550. The court therefore committed no error in sustaining the demurrer to the second paragraph of the answer. As the additional paragraph filed stated no facts which constituted a defense, the failure to take issue thereon is no cause for reversal. The finding of the jury was for the relators, and judgment was rendered accordingly.

The jury found, in answer to interrogatories, that the attorney for the relators directed the sheriff not to levy the execution on the property of the judgment defendant, but before the execution in favor of the bank was issued, this request was withdrawn, and direction given to levy.

Error is assigned upon the admission of evidence and refusal to give instructions, but as no abstract is furnished of the evidence or of the instructions given and refused, we do not examine the record.

The judgment is affirmed, with ten per cent. damages and costs.

*J. & W. O'Brien* and *A. F. Shirts*, for appellants.

*D. Moss*, for appellee.